No. 12,277

First Circuit

---

FAIRBANKS, MORSE & CO., INC., v.

BIENVENU, ET AL.

---

(Feb. 12, 1927.  Opinion and Decree.)

---

(*Syllabus by the Editor*.)

1. **Louisiana Digest—Chattel Mortgage— Par. 3.**

The description in a chattel mortgage "on one-half of rice crop, sixty acres, 1920 crop", is insufficient to create a valid chattel mortgage.

2. **Louisiana Digest—Bills and Notes— Par. 109.**

One who endorses a promissory note after knowledge that the rice crop which was mortgaged as security for the note had been lost cannot have his endorsement cancelled for want of consideration due to the loss of the chattel mortgage as security.

Appeal from the District Court, Parish of St. Martin.  Hon. D. W. Voorhiss, Judge ad hoc.

Action by Fairbanks, Morse & Co. Inc., against Gabriel Bienvenu, et al.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Martin & Martin, of St. Martinville, attorneys for plaintiff, appellee.

Porteous R. Burke, of New Iberia, attorney for defendant, appellant.

ELLIOTT, J.   Suit against the makers and endorsers of a note, the defendant endorsers claiming that the consideration for their endorsement had been lost, due to the negligence and delay of the payee in recording a chattel mortgage.

Gabriel Bienvenu executed a note in favor of Fairbanks, Morse & Co., Inc., for fourteen hundred twenty-five dollars, with Duchamp Hardware Co., D. E. Duchamp and J. H. Duchamp as endorsers.

Duchamp Hardware Co., Inc., is a commercial partnership composed of D. E. Duchamp and J. H. Duchamp.  The note was secured by a chattel mortgage on a Fairbanks, Morse & Co., Inc., engine and half of a rice crop on sixty acres 1920 crop. A vendor's privilege existed on the engine in favor of Fairbanks, Morse & Co., Inc., for the reason that the note represented part of the purchase price of the same.

Bienvenu wanted to sell the engine but the purchaser would not buy unless the

Fairbanks, Morse Co.'s mortgage and privilege thereon was cancelled. This company would not consent to cancel its mortgage and privilege without a payment of seven hundred fifty dollars on the note, and the delivery to it of a new note for five hundred seventy-six dollars, fourteen cents, with interest and attorney's fees, signed by Bienvenu with Duchamp Hardware Co., D. E. Duchamp and J. H. Duchamp as endorsers. Gabriel Bienvenu, in conformity with this requirement, executed and delivered to Fairbanks, Morse & Co., Inc., a new note for five hundred seventy-six dollars, seventy-four cents, with interest and attorney's fees, with Duchamp Hardware Co., D. E. Duchamp and J. H. Duchamp thereon as endorsers, paying seven hundred fifty dollars in addition. Plaintiff then surrendered the old note, and its mortgage and privilege on the engine was cancelled. This new note taking the place of the first note, to the extent stated, is the note sued on in this case.

Gabriel Bienvenu made no appearance in the lower court. The judge a quo states in his reasons for judgment, that judgment by default in favor of the plaintiff was entered and confirmed against Bienvenu; but the minutes of the court do not show what was done against him.

Duchamp Hardware Co., D. E. Duchamp and J. H. Duchamp appeared and filed an answer. It is useless to recapitulate in detail their various defensive allegations; they complain that Bienvenu granted a chattel mortgage on a rice crop to secure the note in favor of the plaintiff, but that plaintiff failed and neglected to seasonably record the act of mortgage, and that as a result the mortgage was lost. That if the mortgage had been timely recorded, the proceeds of the rice crop would have been assurred, applied to the note, and would have paid the balance due on the note. The plaintiff's first mortgage on the rice crop was lost because of the delay of the plaintiff in recording same. That defendants endorsed the note because of this security, and relied upon it for protection.

The act of sale whereby Bienvenu bought the engine from plaintiff contains all that we can find on the subject of a chattel mortgage on a rice crop. It provides for a mortgage as follows: "On one-half of rice crop, sixty acres, 1920 crop." The land or field on which the rice crop was growing, or in which it was to be planted, is not described, nor can same be identified by reference to the act.

The stipulation in the act about a chattel mortgage on a rice crop is not sufficient to create a mortgage. In order to create a mortgage on a crop, the situation of the crop must be in the act. C. C. Arts. 3306 and 3348. We regard the chattel mortgage as unavailing for any purpose as far as a rice crop is concerned.

Not only the above, but Fairbanks, Morse & Co., Inc., received the note sued on as part of their consideration for its chattel mortgage and vendor's privilege on the engine. Duchamp Hardware Co., D. E. Duchamp and J. H. Duchamp endorsed the note sued on after the rice crop which the act contemplated had been taken by another; after knowledge that it had been lost as far as plaintiff was concerned. Consequently, Fairbanks Co. have a right to hold the defendant as endorsers. It was deefndants' endorsement that served as the consideration for the release of plaintiff's chattel mortgage and vendor's privilege on the engine.

Duchamp Hardware Co., D. E. Duchamp and J. H. Duchamp enumerate further reasons as to why they should not be held as endorsers. We have examined all

their contentions, and find no well-grounded defense. They made no appearance in this court, and have filed no brief in support of their appeal.

We concur in the reasons of the trial judge. His judgment is correct.

Judgment affirmed. Defendants and appellants to pay the costs in both courts.